# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MELANIE HIBBITTS, ET AL.,** | ) |
| Plaintiffs, | ) Case No. 1:09CV00073 |
| v. | ) **OPINION** |
| **BUCHANAN COUNTY SCHOOL BOARD, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*John P. Fishwick, Jr., and Moncia L. Mroz, Lichtenstein, Fishwick & Johnson, P.L.C. Roanoke, Virginia, for Plaintiffs; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

The plaintiffs, three public school administrators, filed this lawsuit under 42 U.S.C.A. § 1983 (West 2003), alleging that the defendants violated the Fourteenth Amendment by depriving the administrators of their constitutionally protected right to a continuing contract. On the defendants' Motion to Dismiss, I find that the plaintiffs have failed to state a plausible claim.

I

The Complaint in this case asserts as follows.

The plaintiffs, Melanie Hibbitts, Lynn Lowe, and Ruby Coffey, work as the principal and assistant principals, respectively, at Riverview Elementary/Middle

School, a public school located in Buchanan County, Virginia. Because of their tenure as public school administrators, they have each obtained continuing contract status by virtue of Virginia law. *See* Va. Code Ann. § 22.1-294 (Lexis 2006). This means that the defendants, the Buchanan County School Board, the individual board members, and Superintendent of Schools Tommy P. Justus, may not fire them without cause and certain procedural guarantees.

Shortly before the start of the 2009-10 school year, the defendants gave the plaintiffs contracts that placed the administrators on "probationary status." (Compl. ¶ 23.) The plaintiffs chose not to sign the contracts, asserting they had a right to a hearing about the matter. After the plaintiffs requested a hearing, Justus informed the plaintiffs that the Board was "no longer seeking to place Plaintiffs on probation" and they could pick up "standard" contracts at the school board office. (*Id.* ¶¶ 24, 25.)

The plaintiffs then received two contracts. One was a "probationary" contract, the other "left the name of the school each Plaintiff was to be reassigned to blank on the contract." (*Id.* ¶ 26.) The defendants asked the plaintiffs to sign one of the two contracts. The plaintiffs signed neither.

After the second contract offer, the plaintiffs filed grievances with school officials and requested a hearing "before a fact-finding panel." (*Id.* ¶ 28.) The defendants have declined to act upon the grievances or hearing request.

The plaintiffs allege the defendants "have threatened to dismiss the Plaintiffs" and "have asserted that Plaintiffs are no longer employed because they did not sign the probationary or reassignment contract." (*Id.* ¶ 30.)

The plaintiffs are presently employed as school administrators under the terms of their 2008-09 contract, which automatically continued for another year. (*Id.* ¶ 27.) There are no allegations that their salary or job duties have been affected in any way. At oral argument, counsel for the plaintiffs did not dispute that the plaintiffs are performing the same duties at the same school and receiving the same salary.

The parties have briefed and argued their positions. The Motion to Dismiss is ripe for decision.

II

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But now, as detailed in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must contain enough facts to state a claim that is "plausible on its face," meaning there exists something more than the sheer possibility of a defendant's liability.

*Iqbal*, 129 S.Ct. at 1949. Thus, a pleading can not contain mere assertions unsupported by facts.

Under *Iqbal*, I must take all factual allegations as true at this stage in the proceedings. I do not, however, have to accept a complaint's legal conclusions or "'formulaic recitation of the elements of a cause of action.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555.)

In this case, *Iqbal's* holding means the present Complaint must allege enough facts to allow for the reasonable inference that the defendants deprived the plaintiffs of their right to a continuing contract. The Complaint fails to do this.

The plaintiffs allege that the defendants violated their Fourteenth Amendment right to due process. To establish a Fourteenth Amendment violation under § 1983, a plaintiff must first demonstrate that State action deprived them of a constitutionally protected property or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70, 79 (1972); *Earley v. Marion*, 540 F. Supp. 2d 680, 688 (W.D. Va. 2008). Unless there is a 'deprivation' by state action the question of whether due process is required or adequate "is irrelevant, for the constitutional right to 'due process' is simply not implicated." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988).

An individual's liberty interest is infringed upon when government action sullies the person's "good name, reputation, honor" or integrity. *Roth*, 408 U.S. at 573. A determination of a liberty interest violation hinges upon whether the individual was discharged. *Johnson v. Morris*, 903 F.2d 996, 999 (4th Cir. 1990). Suspension of a public employee coupled with public statements about the individual's performance will not suffice to constitute a liberty interest violation. *Id*. A person "cannot complain that he has been made unemployable; he remains employed." *Id.* (quoting *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir. 1984)); *see also Earley*, 540 F. Supp. 2d at 688–89.

Public employees are deemed to hold a protected property right when State law guarantees an employment contract that cannot be terminated without cause and procedural safeguards. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 546 (1985). Once a Virginia school administrator obtains continuing contract status, her contract is a constitutionally protected property right. *Wooten v. Clifton Forge Sch. Bd.*, 655 F.2d 552, 554 (4th Cir. 1981). Although this property interest is protected by the Constitution, the right does not "extend to the right to possess and retain a particular job or to perform particular services." *Fields v. Durham*, 909 F.2d 94, 98 (4th Cir. 1990). Rather, the protected right is embodied in the employee's continued employment and "no deprivation exists so long as the employee receives 'payment

of the full compensation due under the contract.'" *Id.* (quoting *Royster v. Bd. of Trs.*, 774 F.2d 618, 621 (4th Cir. 1985)); *see also Huang v. Bd. of Governors of the Univ. of N.C.*, 902 F.2d 1134, 1141 (4th Cir. 1990) (holding that the transfer of a tenured professor to another department without loss in pay does not violate a protected property right); *Echtenkamp v. Loudon County Pub. Schs.*, 263 F. Supp. 2d 1043, 1053-54 (E.D. Va. 2003) (holding that school psychologist failed to show deprivation of property right because she remained employed by the school system).

Accordingly, suspending a public school employee with pay, or placing a continuing contract teacher on paid probation, does not interfere with the teacher's protected property right of a continuing contract. *Bowers v. Rector & Visitors of the Univ. of Va.*, 478 F. Supp. 2d 874, 888 (W.D. Va. 2007)*; Williams v. Charlottesville Sch. Bd.*, 940 F. Supp. 143, 146 (W.D. Va. 1996), *aff'd*, Nos. 96-2564, -2692, 1998 WL 277044 (4th Cir. May 18, 1998) (unpublished); *Earley*, 540 F. Supp. 2d at 688.

Thus, courts have narrowly construed what qualifies as State interference with a school administrator's constitutionally protected right to a contract in Virginia. For such a violation to occur, a State actor must have deprived a school administrator of her employment and pay without cause and procedural safeguards.

III

The plaintiffs have not stated a plausible claim of a due process violation because their continued employment as school administrators demonstrates a lack of State interference with their property or liberty rights.

To establish a violation of property rights, the plaintiffs must show that State action deprived them of their continuing contract. Since this contract dispute began, the plaintiffs have worked in their positions and they have been paid. They claim that at one point they were "placed on probationary status" (Compl. ¶ 36), but the Complaint is devoid of factual assertions that show this probation affected their continued employment. In fact, the plaintiffs allege they are still working under a continuing contract. The plaintiffs have not suffered a deprivation of a constitutionally protected interest because their right is to continued employment itself, not a particular job or job title. "[N]o deprivation exists so long as the employee receives 'payment of the full compensation due under the contract.'" *Fields*, 909 F.2d at 98 (quoting *Royster*, 774 F.2d at 621); *see also Huang*, 902 F.2d at 1141; *Echtenkamp*, 263 F. Supp. 2d at 1054.

The plaintiffs are unable to establish a liberty violation for similar reasons. For a liberty interest violation to occur, a defendant must make public statements about an employee's performance in connection with the employee's termination. *Johnson*, 903 F.2d at 999. The plaintiffs have not been terminated. Therefore, their

accusations that the defendants' statements have sullied their reputation do not establish interference with employment status. *Id.* at 999–1000.

Throughout the Complaint, the plaintiffs assert that the defendants violated State-mandated procedures by failing to process the plaintiffs' grievances and by refusing to hold a hearing. It is irrelevant whether the defendants have properly adhered to dispute resolution rules. I cannot proceed to an analysis of an individual's right to procedural due process unless there is State interference with an individual's right to property. And, there is no interference as long as the plaintiffs remain employed with, and paid by, the defendants.

The plaintiffs claim that an unnamed person has informed them that they will be dismissed in the "very near future" and that the defendants "have asserted that Plaintiffs are no longer employed." (Compl. ¶ 30.) But these are not sufficient allegations of a present violation of their federal rights to constitute interference with the Fourteenth Amendment. As long as the defendants continue to employ the plaintiffs as administrators there is no deprivation of a property or liberty interest.

IV

For the foregoing reasons, the defendant's Motion to Dismiss will be granted.[1]

A separate order will be entered herewith.

DATED: February 23, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The members of the Buchanan County School Board, sued in their official and individual capacities, also argue that they are not proper parties to this action. In light of my holding, it is unnecessary for me to decide that question.